# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

———————————

No. 00-10352

(Summary Calendar)

———————————

WANDA CORNELIUS, on behalf of The Estate of Robert C
Cornelius Deceased; SAMUEL CORNELIUS, SR; MARY
CORNELIUS; ERICA CORNELIUS

                                        Plaintiffs - Appellants,

versus

PHILLIP MORRIS INCORPORATED,

                                        Defendant - Appellee.

———————————————————————————

Appeal from the United States District Court
For the Northern District of Texas
DC No. 99-CV-2125-G

———————————————————————————

September 27, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

   Appellants Wanda Cornelius, *et al.* ("plaintiffs"), appeal from the district court's dismissal of

their claims against appellee Phillip Morris Incorporated ("Phillip Morris") for civil assault under Tex.

Penal Code Ann. § 22.01(a). The district court found that the plaintiffs' claims were barred by Tex.

———————————————

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Civ. Prac. & Rem. Code § 82.004(a).  We affirm.

The plaintiffs sought damages for Robert C. Cornelius's death, which they allege was caused by Philip Morris cigarettes to which he was addicted.  They claim that Phillip Morris committed a civil assault under Texas law by producing and selling products containing nicotine which caused nicotine addiction.  Philip Morris thereby allegedly intentionally, knowingly, or recklessly caused the plaintiffs' harm.

The district court found that the plaintiffs' claims are barred by § 82.004 of the Texas Civil Practice and Remedies Code, which relieves manufacturers and sellers of "inherently unsafe" products, including tobacco, from liability in products liability actions.  Adopted in 1993, § 82.004(a) reads:

> In a products liability action, a manufacturer or seller shall not be liable if:
>        (1) the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and
>        (2) the product is a common consumer product intended for personal consumption, such as . . . tobacco. . . .

Tex. Civ. Prac. and Rem. Code § 82.004(a).[1]  Adopted at the same time, § 82.001(2) defines a "products liability action":

> "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product where the action is based in strict tort liability, strict products liability, negligence, mis-representation, breach of express or implied warranty, or any other theory or combination of theories.

*Id.* § 82.001(2).

The plaintiffs raise several challenges to the district court's decision that their lawsuit was

---

[1]        Only actions based on manufacturing defects or breach of express warranties are exempted from the  § 82.004(a) bar.  *See id.* § 82.004(b).

precluded by § 82.004.  We consider these challenges in turn.

First, the plaintiffs claim that it is contrary to the public policy of Texas to create immunity under § 82.004(a) when doing so rewards or condones the commission of an offense defined as a crime in Penal Code § 22.01(a)(1).  However, § 82.004 itself represents the public policy chosen by the Texas legislature.  Based on prior cases dealing with nearly identical facts, we are persuaded that it intends to preclude the plaintiffs' claims, and we therefore decline the plaintiffs' suggestion that, based on their creative pleading, § 22.01 provides a public policy sufficient to preclude application of § 82.004(a) here.

Second, the plaintiffs claim that § 82.004 does not apply because their claims are predicated on the addictive nature of nicotine contained in cigarettes and the addictive nature of cigarettes is not "common knowledge" as required by the Code.  We expressly considered and rejected this argument in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 490-91 (5th Cir. 1999).  We held that "the only requirement of § 82.004(a) as to common knowledge is that the product be 'known to be unsafe.'" *Id.* at 490.  We found that this test was satisfied as a matter of law as to tobacco. *See id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir. 1996); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 429 (Tex. 1997)).  Therefore, even though Sanchez's claims were based on the addictive effect of tobacco, § 82.004(a) was satisfied. *See Sanchez*, 187 F.3d at 490-91. *Sanchez* precludes the plaintiffs' second argument.

Third, the plaintiffs claim that the § 82.004 bar is inapplicable to the present suit because the plaintiffs' claims do not require proof of a product defect.  This general argument was rejected in the so-called *Hulsey* cases, which we affirmed after oral argument. *See Hulsey v. American Brands, Inc.*, 1997 WL 271755 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525

U.S. 868 (1998); *Oglesby v. American Brands, Inc.*, 1997 WL 881214 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998); *Whirley v. American Brands, Inc.*, 1997 WL 881215 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998). Seeking to recover for injuries sustained smoking cigarettes, the *Hulsey* plaintiffs asserted that tobacco companies knew that nicotine causes addiction in persons who use tobacco products and concealed this knowledge intentionally, knowingly, recklessly, maliciously, fraudulently, negligently, grossly negligently, and *assaultingly. See Hulsey,* 1997 WL 271755, at *1. The district court found that these claims were barred under § 82.004 and expressly rejected the claim that § 82.004 did not apply because the plaintiffs' claims were not predicated on a product defect. *See id.* at *5. It noted that the plaintiffs sought to recover for injuries sustained as a result of the undisclosed addictive nature of cigarettes, and it found that this was the type of claim intended to be covered by § 82.001(2) and § 82.004. *See id.*

Here, as in the *Hulsey* cases, the plaintiffs seek to recover damages for personal injuries sustained as a result of the addictive properties of nicotine. We are persuaded by *Hulsey*'s reasoning and decline to find § 82.004 inapplicable because civil assault claims are not predicated on the existence of a product defect.

The plaintiffs argue that § 82.004(a) does not apply to their actions because it applies only to "products liability" claims and their claim is for assault. In *Sanchez*, the plaintiff raised claims of fraud, conspiracy, and violation of the Texas Deceptive Trade Practices Act, and claimed that these were not "product liability claims" subject to § 82.004. *See Sanchez*, 187 F.3d at 491. We found that, while *Sanchez*'s claims might not be "traditional" products liability claims, "the definition in § 82.001(2) plainly forecloses this argument." *Id.* We noted that "products liability action" as defined

-4-

in § 82.001(2) includes any action arising out of personal injury or death from a defective product regardless of the theory or combination of theories under which the claim is brought. *See id.* (citing § 82.001(2)). Because Sanchez's claims arose from his allegedly wrongful death caused by smoking cigarettes, "all theories of recovery asserted by the Sanchez Family are covered, with the exceptions of manufacturing defect and breach of warranty." *Id.* (citing § 82.004(b)).

As in *Sanchez*, the plaintiffs' claims here arise out of personal injuries allegedly caused by smoking addictive cigarettes. *Sanchez* clearly implies that such claims are covered by § 82.004 regardless of how they are pled, and we are persuaded that this was the intent of the broad definition of "products liability claim" contained in § 82.001(2). *See also Hulsey*, 1997 WL 881214, at *5 (also finding claims for injuries sustained as a result of addictive properties of cigarettes to be "products liability" claims under § 82.001(2)).

Finding the plaintiffs' arguments to be without merit, we AFFIRM[2] the final judgment of the district court dismissing their claims.

---

[2] We note that we have already rejected nearly identical arguments to those raised by the plaintiffs here in two prior cases. *See Lopez v. R.J. Reynolds Tobacco Co.*, No. 00-40247 (5th Cir. June 26, 2000); *Perez v. Philip Morris Inc.*, No. 00-40146 (5th Cir. June 23, 2000).